# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52460

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>DAMIAN A. AYARZAGOITIA,<br><br>    Defendant-Appellant. | )<br>)  **Filed: July 8, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph W. Borton, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Allison C. Jaros, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Pro Tem

Damian A. Ayarzagoitia appeals from an order denying his I.C.R. 35 motion for correction of an illegal sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, pursuant to a plea agreement, Ayarzagoitia pled guilty to one count of burglary (I.C. § 18-401) and one count of aggravated battery (I.C. § 18-907(1)(a)), with a deadly weapon enhancement (I.C. § 19-2520). The district court sentenced Ayarzagoitia to a unified term of thirty years, with a minimum period of confinement of twenty years, for enhanced aggravated battery and an indeterminate term of ten years for burglary. The district court ordered the sentences to run consecutively, resulting in an aggregate unified term of forty years, with a minimum period of

1

confinement of twenty years. The district court also ordered restitution in the amount of $59,283.32, which included $25,000 in restitution to the Crime Victims Compensation Program (CVCP), to be paid jointly and severally with Ayarzagoitia's co-defendants. Thereafter, Ayarzagoitia filed a pro se I.C.R. 35 motion, which was denied. Ayarzagoitia appealed. In an unpublished opinion, this Court affirmed Ayarzagoitia's judgment of conviction and sentence and held that he failed to show the district court had abused its discretion in denying his I.C.R. 35 motion, or in ordering him to pay restitution to CVCP. *State v. Ayarzagoitia*, Docket Nos. 44958 and 44968 (Ct. App. Oct. 24, 2018). A remittitur was issued in November 2018.

More than two years later, Ayarzagoitia sent a letter to the county clerk's office to dispute whether interest should accrue on the restitution he was ordered to pay--despite the entry of an order of restitution in 2018 expressly stating interest would accrue. Ayarzagoitia asserted that interest was not to accrue on his restitution obligation because the findings of fact and conclusions of law supporting the restitution award, which the district court detailed in a separate written document entered after the restitution order, was silent on the issue of interest. The district court responded by entering an order "to clarify the record" that corrected the separate findings of fact and conclusions of law supporting the restitution order to indicate that interest would accrue on Ayarzagoitia's restitution obligation. Ayarzagoitia did not seek relief from that order.

In April 2022, Ayarzagoitia filed a motion to withdraw his guilty pleas, asserting he was not informed that interest could be applied to his restitution obligation. Ayarzagoitia also argued that the subsequent correction of the findings of fact and conclusions of law violated due process by increasing the amount in the restitution order without prior notice. The district court denied the motion, concluding Ayarzagoitia's guilty pleas were knowing, voluntary, and intelligent and that the order correcting the findings of fact and conclusions of law did not increase his restitution obligation. Ayarzagoitia appealed. In an unpublished opinion, this Court held that the district court lacked jurisdiction to consider Ayarzagoitia's motion to withdraw his guilty pleas. *See State v. Ayarzagoitia*, Docket No. 49879 (Ct. App. Apr. 20, 2023). This Court also held that it lacked jurisdiction to consider Ayarzagoitia's arguments challenging the district court's order of restitution and dismissed his appeal from the district court's order denying his motion to withdraw his guilty pleas.

In 2024, Ayarzagoitia filed an I.C.R. 35 motion, once again challenging the interest accruing on his restitution obligation. The district court denied the motion, holding that Ayarzagoitia's arguments were beyond the scope of I.C.R. 35(a). Ayarzagoitia appeals.

## II.

## STANDARD OF REVIEW

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

## III.

## ANALYSIS

On appeal, mindful of the relevant case law, Ayarzagoitia asserts the district court abused its discretion in denying his I.C.R. 35(a) motion to correct an illegal sentence where the interest ordered on restitution was unlawfully imposed. The State responds that the district court correctly held that an I.C.R. 35 motion is not the proper mechanism for challenging an order of restitution. We agree.

Idaho Criminal Rule 35(a) allows a trial court to "correct a sentence that is illegal from the face of the record at any time." Idaho Criminal Rule 35(a) only applies to a small category of cases in which the sentence imposes a penalty that is simply not authorized by law. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d at 1143, 1147 (2009). Relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence pursuant to I.C.R. 35. *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). Restitution proceedings are not part of a defendant's sentence, but rather, an order of restitution is, in essence, a civil judgment. *State v. Straub*, 153, Idaho 882, 886, 292 P.3d 273, 277 (2013). Therefore, the district court did not err in

3

denying Ayarzagoitia's I.C.R. 35 motion where he limited his argument exclusively to the interest accruing on his restitution obligation.

## IV.
## CONCLUSION

Ayarzagoitia has failed to show the district court erred in denying his I.C.R. 35 motion. Accordingly, the district court's order denying Ayarzagoitia's I.C.R. 35 motion for correction of an illegal sentence is affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.